UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CYPRESS ESTATES OF PALM SPRINGS
HOMEOWNERS' ASSOCIATION, INC., a
Florida Corporation not-for profit,

       Plaintiff,

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT, et al.,

       Defendants.
_____/

## DEFENDANT SECRETARY OF HOUSING AND URBAN DEVELOPMENT'S NOTICE OF REMOVAL

Defendant, Secretary of Housing and Urban Development ("HUD"), by and through its undersigned attorney, Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, hereby files this Notice seeking the removal of this cause from the County Court in and for Palm Beach County, Florida to this Court, and as grounds therefore states as follows:

    1. HUD has been named as a defendant in the above-captioned civil action, Case No. 502011CC000508 in the County Court of Palm Beach County, Florida and is pending in that court.

    2. In this civil action, the Plaintiff seeks to foreclose a lien against real property owned by HUD located in Palm Beach County, Florida.

    3. The above-captioned action is one which may be removed to the United States District Court, pursuant to 28 U.S.C. Section 1442(a)(1) (removal based upon civil action

commenced in State court against a federal agency, HUD) and Section 1444 (removal of foreclosure actions against the United States).

4. Copies of all process, pleadings and orders served in this action are attached hereto and made a part hereof as Composite Exhibit A.

5. In accordance with the provisions of 28 U.S.C. Section 1446(d), written notice of the instant removal of this action is being provided to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of the County Court of Palm Beach County, Florida.

**WHEREFORE**, Defendant, the Secretary of Housing and Urban Development, submits this Notice of Removal to effect removal of the above-captioned action now pending in the County Court, in and for Palm Beach County, Florida to this Court for such further proceedings as may be appropriate.[1]

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

                    By: *s/ Grisel Alonso*
                          GRISEL ALONSO
                          Assistant United States Attorney
                          Fla. Bar No. 702994
                          99 NE 4th St., Suite 300
                          Miami, FL 33132
                          Tel. No. (305) 961-9310
                          Fax No. (305) 530-7139
                          E-mail: grisel.alonso@usdoj.gov

---

[1] HUD reserves the right to raise all defenses available to it under State and Federal substantive and procedural law, including but not limited to venue, jurisdiction and sufficiency of process.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Removal was sent be Federal Express this 24th day of February, 2011 to:

Larry T. Cortez, Esq.
HILLEY & WYANT-CORTEZ, P.A.
Attorneys for Plaintiff
860 US Highway 1, Suite 108
North Palm Beach, FL 33408

*s/ Grisel Alonso*
GRISEL ALONSO
Assistant United States Attorney

# EXHIBIT A

IN THE COUNTY COURT OF PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| CYPRESS ESTATES OF PALM SPRINGS HOMEOWNERS' ASSOCIATION, INC., a Florida Corporation not-for-profit,<br><br>Plaintiffs,<br><br>vs.<br><br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT; CHASE HOME FINANCE, LLC; and, UNKNOWN TENANT(S) IN POSSESSION, if any,<br><br>Defendants.<br>_____ / | CIVIL DIVISION<br>CASE NO.:<br>**50 2011 CC 0 0 0 5 0 8 XXXX NB** |

## SUMMONS

**TO**: SECRETARY OF HOUSING AND URBAN DEVELOPMENT
c/o United States Attorney, Southern District of Florida, 500 S. Australian Avenue, Suite 400, West Palm Beach, FL 33401
4400 Will Rogers Parkway, STE 300, Oklahoma City, OK 73108

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of the Circuit Court, Palm Beach County, County Civil Division, P.O. Box 4667, West Palm Beach, FL 33402. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

> Larry T. Cortez, Esq.
> Attorney for Plaintiff
> HILLEY & WYANT-CORTEZ, PA
> 860 US Highway 1, Suite 108
> North Palm Beach, FL 33408
> (561) 627-0009

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED ON _____1/12_____, 2011.

SHARON R. BOCK
CLERK OF CIRCUIT COURT
**TINA BLAIR**

(Court Seal)                                    By: _____
                                                       Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito,y presentarla ante este tribunal. Clerk of the Circuit Court, Palm Beach County, County Civil Division, P.O. Box 4667, West Palm Beach, FL 33402. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/plaintiff's attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal Clerk of the Circuit Court, Palm Beach County, County Civil Division, P.O. Box 4667, West Palm Beach, FL 33402. Un simple coup de telephone est insuffisant pour vous proteger. Vous ete oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainisi que votre salaire votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterierur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the A.D.A. Co-ordinator in the Administrative Office of the Court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, FL 33401, Telephone (561) 355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1-800-955-8771.

IN THE COUNTY COURT OF PALM BEACH COUNTY, FLORIDA

CYPRESS ESTATES OF PALM SPRINGS
HOMEOWNERS' ASSOCIATION, INC., a Florida
Corporation not-for-profit,

    Plaintiffs,

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; CHASE HOME FINANCE,
LLC; and, UNKNOWN TENANT(S) IN
POSSESSION, if any,

    Defendants.

_____/

CIVIL DIVISION
CASE NO.:
**50 2011 CC 0 0 0 5 0 8 XXXX NB**



COPY
NORTH COUNTY CIVIL DIV.
ORIGINAL RECEIVED

JAN 12 2011

SHARON R. BOCK
CLERK & COMPTROLLER
PALM BEACH COUNTY

**LIS PENDENS**

**TO:** SECRETARY OF HOUSING AND URBAN DEVELOPMENT; CHASE HOME FINANCE, LLC; and, UNKNOWN TENANT(S) IN POSSESSION, if any,

NOTICE IS GIVEN that a suit was filed IN THE COUNTY COURT OF PALM BEACH COUNTY, FLORIDA, on the date and time set forth above by the clerk (which date and time are incorporated herein by this reference) against the above named Defendants, involving the following described real property lying and being in Palm Beach County, Florida, to wit:

    Lot A, Block 14, of CYPRESS ESTATES OF PALM SPRINGS, according to the Plat thereof, as recorded in Plat Book 81, at Page 122, of the Public Records of Palm Beach County, Florida.

More commonly known as: 1401 West Cypress Way, Palm Springs, Florida 33406.

    THE RELIEF sought in this suit is the enforcement of a lien filed against the above real property, damages, attorneys' fees, and for the relief as set forth in the Complaint.

    DATED this 12th day of January, 2011.

                      HILLEY & WYANT-CORTEZ, P.A.
                      Attorneys for Plaintiff
                      860 US Highway One, Suite 108
                      North Palm Beach, FL 33408
                      (561) 627-0009

                      BY: _____
                      Larry T. Cortez
                      Florida Bar No.0084943

IN THE COUNTY COURT OF PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| CYPRESS ESTATES OF PALM SPRINGS HOMEOWNERS' ASSOCIATION, INC., a Florida Corporation not-for-profit,<br><br>Plaintiffs,<br><br>vs.<br><br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT; CHASE HOME FINANCE, LLC; and, UNKNOWN TENANT(S) IN POSSESSION, if any,<br><br>Defendants.<br>_____/ | CIVIL DIVISION<br>CASE NO.:<br>**50 2011 CC 0 0 0 5 0 8 XXXX NB**<br><br>**COPY**<br>NORTH COUNTY CIVIL DIV.<br>ORIGINAL RECEIVED<br><br>JAN 1 2 2011<br><br>SHARON R. BOCK<br>CLERK & COMPTROLLER<br>PALM BEACH COUNTY<br><br>**COMPLAINT FOR FORECLOSURE AND DAMAGES** |

COMES NOW the Plaintiff, CYPRESS ESTATES OF PALM SPRINGS HOMEOWNERS' ASSOCIATION, INC., a Florida Corporation not-for-profit, hereinafter referred to as, "Association", "Plaintiff", or "CYPRESS ESTATES OF PALM SPRINGS", sues the Defendants, SECRETARY OF HOUSING AND URBAN DEVELOPMENT; CHASE HOME FINANCE, LLC; and, UNKNOWN TENANT(S) IN POSSESSION, if any, the names being fictitious to account for parties that may be in possession, for foreclosure of a lien filed pursuant to Declaration of Covenants and Restrictions of CYPRESS ESTATES OF PALM SPRINGS, recorded in Official Record Book 9482, Page 62, et seq., in the Public Records of Palm Beach County, Florida, and as amended from time to time, hereinafter referred to as the "Declaration," and for damages less than $15,000.00, and as grounds therefore would show to the Court as follows:

### COUNT I

1. This is an action to foreclose a lien on real property located in Palm Beach County, Florida.

2. Plaintiff is a not-for-profit Corporation organized under the laws of the State of Florida for the purposes of governing the property owners of CYPRESS ESTATES OF PALM SPRINGS, a subdivision located in Palm Beach County, Florida.

3. Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT (hereinafter referred to as "Defendant Owner") is the record owner of a lot at CYPRESS ESTATES OF PALM SPRINGS by virtue of that certain Special Warranty Deed recorded December 10, 2010, in the Public Records of Palm Beach County, Florida, in Official Record Book 24252, Page 1618, commonly known as 1401 West Cypress Way, Palm Springs, Florida 33406, and more particularly described as:

> Lot A, Block 14, of CYPRESS ESTATES OF PALM SPRINGS, according to the Plat thereof, as recorded in Plat Book 81, at Page 122, of the Public Records of Palm Beach County, Florida.

4. Defendant Owner obtained title to the aforementioned unit subject to the Declaration.

5.  Section 7 of the Declaration states, in pertinent part, the following:

    Each Owner of a Lot shall be responsible for the payment to the Association of Assessments for Common Expenses for each Lot owned by the Owner, which amount shall be assessed to the Owner....The board shall then establish the Assessment for Common Expenses...the board may make Special Assessments for Common Expenses, which shall be levied in the same manner as hereinbefore provided for regular Assessments....

6.  Section 8.1.1 of the Declaration states, in pertinent part, the following:

    If any Assessment is not paid within ten (10) days after the due date, the Association shall have the right to charge the defaulting Owner a late fee of Twenty-Five and No/100 ($25.00) Dollars, plus interest at the then highest rate of interest allowable by law from the due date until paid....

7.  Section 8.1.3 of the Declaration states, in pertinent part, the following:

    The Association has a lien on each Lot for unpaid Assessments owed to the Association by the Owner of such Lot, and for late fees and interest, and for reasonable attorney's fees incurred by the Association incident to the collection of the Assessment or enforcement of the lien...a recorded claim of lien shall secure all sums set forth in the claim of lien, together with all Assessments or other monies owed to the Association by the Owner until the lien is satisfied....

8.  Section 8.1.4 of the Declaration states, in pertinent part, the following:

    The Association may bring an action in its name to foreclose a lien for Assessments in the manner a mortgage of real property is foreclosed and may also bring an action to recover a money judgment for the unpaid Assessments without waiving any claim of lien, and the applicable Owner shall be liable to the Association for all costs and expenses incurred by the Association in connection with the collection of any unpaid Assessments, and the filing, enforcement, and/or foreclosure of the Association's lien, including reasonable attorney's fees....

9.  That pursuant to the Declaration, the Plaintiff has levied assessments against the unit owned by Defendant Owner. Said assessments represent said Defendant Owner's pro rata share for the common expenses per assessment period.

10. That the assessments were due and payable by the Defendant Owner, to the Plaintiff pursuant to the provisions of the Declaration as follows:

    | | |
    |---|---|
    | July 2008 Maintenance Assessment (Due 7/1/08): | $ 155.00 |
    | August 2008 Maintenance Assessment (Due 8/1/08): | $ 200.00 |
    | September 2008 Maintenance Assessment (Due 9/1/08): | $ 200.00 |
    | October 2008 Maintenance Assessment (Due 10/1/08): | $ 200.00 |
    | November 2008 Maintenance Assessment (Due 11/1/08): | $ 200.00 |
    | December 2008 Maintenance Assessment (Due 12/1/08): | $ 200.00 |
    | January 2009 Maintenance Assessment (Due 1/1/09): | $ 200.00 |
    | February 2009 Maintenance Assessment (Due 2/1/09): | $ 200.00 |
    | March 2009 Maintenance Assessment (Due 3/1/09): | $ 200.00 |
    | April 2009 Maintenance Assessment (Due 4/1/09): | $ 200.00 |
    | May 2009 Maintenance Assessment (Due 5/1/09): | $ 200.00 |

| | |
|---|---|
| June 2009 Maintenance Assessment (Due 6/1/09): | $ 200.00 |
| July 2009 Maintenance Assessment (Due 7/1/09): | $ 200.00 |
| August 2009 Maintenance Assessment (Due 8/1/09): | $ 200.00 |
| August 2009 Special Assessment (Due 8/1/09): | $ 142.10 |
| September 2009 Maintenance Assessment (Due 9/1/09): | $ 200.00 |
| September 2009 Special Assessment (Due 9/1/09): | $ 142.10 |
| October 2009 Maintenance Assessment (Due 10/1/09): | $ 200.00 |
| October 2009 Special Assessment (Due 10/1/09): | $ 142.10 |
| November 2009 Maintenance Assessment (Due 11/1/09): | $ 200.00 |
| November 2009 Special Assessment (Due 11/1/09): | $ 142.10 |
| December 2009 Maintenance Assessment (Due 12/1/09): | $ 200.00 |
| December 2009 Special Assessment (Due 12/1/09): | $ 142.10 |
| January 2010 Maintenance Assessment (Due 1/1/10): | $ 200.00 |
| February 2010 Maintenance Assessment (Due 2/1/10): | $ 200.00 |
| March 2010 Maintenance Assessment (Due 3/1/10): | $ 200.00 |
| April 2010 Maintenance Assessment (Due 4/1/10): | $ 200.00 |
| May 2010 Maintenance Assessment (Due 5/1/10): | $ 200.00 |
| June 2010 Maintenance Assessment (Due 6/1/10): | $ 200.00 |
| July 2010 Maintenance Assessment (Due 7/1/10): | $ 200.00 |
| August 2010 Maintenance Assessment (Due 8/1/10): | $ 200.00 |
| September 2010 Maintenance Assessment (Due 9/1/10): | $ 200.00 |
| October 2010 Maintenance Assessment (Due 10/1/10): | $ 200.00 |
| November 2010 Maintenance Assessment (Due 11/1/10): | $ 200.00 |
| December 2010 Maintenance Assessment (Due 12/1/10): | $ 200.00 |
| January 2011 Maintenance Assessment (Due 1/1/11): | $ 200.00 |
| **TOTAL AMOUNT DUE*** | **$ 6,865.50*** |

(*said sum of $6,865.50 does not include assessments due after January 1, 2011, nor does it include costs, interest, late fees or attorney's fees)

However, the Plaintiff has not received payment from the Defendant Owner of the amount due for these charges plus interest, late fees, court costs, and a reasonable attorney's fee, and Defendant Owner continues to be liable for assessments which become due during the course of this instant litigation.

11. On or about November 19, 2010, the Plaintiff caused a Claim of Lien to be recorded in the Public Records of Palm Beach County, Florida, in Official Record Book 24205, Page 1239. A copy of the Claim of Lien is attached hereto as Exhibit "A" and incorporated herein by this reference. Pursuant to Florida Statute 720.3085(3)(b), any payments that are received after the Claim of Lien was recorded are applied first to any interest accrued, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred in collection, and then towards the delinquent assessments.

12. The Declaration provides that in the event any assessment is not paid prior to becoming delinquent and prior to a lien being filed to enforce the assessment, the Plaintiff shall be entitled to add all costs of enforcing the obligation including reasonable attorney's fees and interest. The Plaintiff has incurred and is continuing to incur attorneys' fees and costs in the prosecution of this action.

13. Plaintiff is entitled to a reasonable rental for the subject property during the pendency of the foreclosure action for Defendant Owner's use of the subject property pursuant to Florida Statute 720.3085(1)(d).

14. Plaintiff is entitled to the appointment of a Receiver to collect rent from the subject property herein pursuant to Florida Statute 720.3085(1)(d).

15. Plaintiff should be appointed Receiver to collect the rent from the subject property and bond should be waived due to the ease and inexpensive means by which Plaintiff can collect said rent and the lack of funds available to Plaintiff.

16. All conditions precedent to the filing of this action have been performed or waived.

17. The Notice required by the Fair Debt Collection Practices Act, 15, U.S.C. Section 1601, as amended is attached hereto and incorporated herein as Exhibit "B".

18. The interests of the Defendants are subject, subordinate and inferior to the right, title, interest, and the lien of Plaintiff.

19. UNKNOWN TENANT(S) IN POSSESSION, if any, the name being fictitious to account for parties in possession that may claim some interest in the Property that is the subject of this action by virtue of an unrecorded lease or purchase option, by virtue of possession or may otherwise claim an interest in the Property.

20. The Notice required by the Fair Debt Collection Practices Act, 15, U.S.C. Section 1601, as amended is attached hereto and incorporated herein as Exhibit "B".

WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against the Defendants as follows:

A. That this Court determine that Plaintiff's interest is superior to the interest of the Defendants, all of the sums owed by the Defendant Owner to the Plaintiff be declared a lien on the subject premises and prior to the lien or claim of any other subsequent lienholder, if any, and said lien be and is foreclosed, and

B. That this Court enter a decree ordering the sale of the subject premises by the Clerk of the Circuit Court, proceeds of the sale to be applied to the payment of the amount due to the Plaintiff, and

C. That the Plaintiff have judgment and execution Defendant Owner, for any deficiency which may remain after applying all of the proceeds of the sale of the subject premises properly applicable to the satisfaction of the judgment,

D. For costs of this action including interest, late fees, and a reasonable attorneys' fee.

E. That the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendants named herein or hereafter made a Defendant be forever barred and foreclosed.

F. That Plaintiff be appointed Receiver to collect rent for the subject property.

## COUNT II/ DAMAGES

COMES NOW, the Plaintiff and sues Defendant Owner, SECRETARY OF HOUSING AND URBAN DEVELOPMENT and CHASE HOME FINANCE, LLC, for damages and alleges:

21. Plaintiff adopts and re-alleges Paragraphs 2–10, 12, and 16–18, as if fully set forth herein.

22. This is an action for damages less than $15,000.00.

23. That in accordance with the provisions of the Declaration, the Plaintiff is entitled to bring an action for damages as a result of the Defendant Owner's failure to pay assessments as they become due to the Plaintiff.

24. The Defendant Owner has failed and refused to pay the assessments due and detailed in Paragraph 10, above.

25. There is a total sum outstanding to the Plaintiff in the amount of $6,865.50 for assessments, plus any additional assessments, which may have come due since the instigation of this suit, plus interest, late fees, any additional costs and a reasonable attorneys fee, for all of which Defendant Owner is responsible.

26. The Notice required by the Fair Debt Collection Practices Act, 15, U.S.C. Section 1601, as amended is attached hereto and incorporated herein as Exhibit "B".

WHEREFORE, Plaintiff moves this Honorable Court for entry of an order as follows:

A. The award of damages against the Defendant Owner, SECRETARY OF HOUSING AND URBAN DEVELOPMENT and CHASE HOME FINANCE, LLC, in the amount of $6,865.50, plus any damages accruing after the filing of this suit, and

B. To award all costs of this action, including interest, late fees, and a reasonable attorney's fee, and

C. Such other and further relief as the Court may deem just and proper.

HILLEY & WYANT-CORTEZ, P.A.
Attorneys for Plaintiff
860 US Highway One, Suite 108
North Palm Beach, FL 33408
(561) 627-0009

BY: _____
Larry T. Cortez
Florida Bar #0084943

Prepared By and Return to:
PO BOX 45
[illegible] & Wyant-Cortez, P.A.
[illegible] US Highway One, Suite 108
North Palm Beach, FL 33408

CFN 20100440563
OR BK 24205 PG 1239
RECORDED 11/19/2010 16:51:58
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1239 - 1240; (2pgs)

## CLAIM OF LIEN

BEFORE ME, the undersigned authority, personally appeared V. Claire Wyant-Cortez, who after being duly sworn, says that she is the attorney and authorized agent for the Lienor, CYPRESS ESTATES OF PALM SPRINGS HOMEOWNERS ASSOCIATION, INC., a Florida corporation, not for profit:

**CYPRESS ESTATES OF PALM SPRINGS HOMEOWNERS ASSOCIATION, INC.**
c/o BANYAN PROPERTY MANAGEMENT, INC.
2328 SOUTH CONGRESS AVENUE, #1-C
WEST PALM BEACH, FL 33406

and in pursuance of the Declaration of Protective Covenants, Conditions and Restrictions for CYPRESS ESTATES OF PALM SPRINGS HOMEOWNERS ASSOCIATION, INC., the Lienor has provided maintenance services and/or is owed monies of which there remains unpaid the following to wit:

| Description | Amount |
|---|---|
| July 2008 Maintenance Assessment (Due 7/1/08): | $ 155.00 |
| August 2008 Maintenance Assessment (Due 8/1/08): | $ 200.00 |
| September 2008 Maintenance Assessment (Due 9/1/08): | $ 200.00 |
| October 2008 Maintenance Assessment (Due 10/1/08): | $ 200.00 |
| November 2008 Maintenance Assessment (Due 11/1/08): | $ 200.00 |
| December 2008 Maintenance Assessment (Due 12/1/08): | $ 200.00 |
| January 2009 Maintenance Assessment (Due 1/1/09): | $ 200.00 |
| February 2009 Maintenance Assessment (Due 2/1/09): | $ 200.00 |
| March 2009 Maintenance Assessment (Due 3/1/09): | $ 200.00 |
| April 2009 Maintenance Assessment (Due 4/1/09): | $ 200.00 |
| May 2009 Maintenance Assessment (Due 5/1/09): | $ 200.00 |
| June 2009 Maintenance Assessment (Due 6/1/09): | $ 200.00 |
| July 2009 Maintenance Assessment (Due 7/1/09): | $ 200.00 |
| August 2009 Maintenance Assessment (Due 8/1/09): | $ 200.00 |
| August 2009 Special Assessment (Due 8/1/09): | $ 142.10 |
| September 2009 Maintenance Assessment (Due 9/1/09): | $ 200.00 |
| September 2009 Special Assessment (Due 9/1/09): | $ 142.10 |
| October 2009 Maintenance Assessment (Due 10/1/09): | $ 200.00 |
| October 2009 Special Assessment (Due 10/1/09): | $ 142.10 |
| November 2009 Maintenance Assessment (Due 11/1/09): | $ 200.00 |
| November 2009 Special Assessment (Due 11/1/09): | $ 142.10 |
| December 2009 Maintenance Assessment (Due 12/1/09): | $ 200.00 |
| December 2009 Special Assessment (Due 12/1/09): | $ 142.10 |
| January 2010 Maintenance Assessment (Due 1/1/10): | $ 200.00 |
| February 2010 Maintenance Assessment (Due 2/1/10): | $ 200.00 |
| March 2010 Maintenance Assessment (Due 3/1/10): | $ 200.00 |
| April 2010 Maintenance Assessment (Due 4/1/10): | $ 200.00 |
| May 2010 Maintenance Assessment (Due 5/1/10): | $ 200.00 |
| June 2010 Maintenance Assessment (Due 6/1/10): | $ 200.00 |
| July 2010 Maintenance Assessment (Due 7/1/10): | $ 200.00 |
| August 2010 Maintenance Assessment (Due 8/1/10): | $ 200.00 |
| September 2010 Maintenance Assessment (Due 9/1/10): | $ 200.00 |
| October 2010 Maintenance Assessment (Due 10/1/10): | $ 200.00 |
| November 2010 Maintenance Assessment (Due 11/1/10): | $ 200.00 |
| **TOTAL AMOUNT DUE*** | **$ 6,465.50*** |

*AS OF THE DATE OF THE FILING OF THIS LIEN. Any payment received by an association subsequent to the filing of this lien shall be applied first to any interest accrued, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred in collection, and then to the delinquent assessment. Any payment received by an association in an amount less than the total amount then due and owing to the association shall not be construed as a waiver of any rights the association may have to collect the total amount then due and owing to the association and shall not affect the enforceability of this lien for any amounts remaining due, or coming due in the future, in any way.

In addition to the amount listed above, this claim of lien shall secure all unpaid assessments that are due and that may accrue subsequent to the recording of this claim of lien and before entry of a certificate of title, as well as interest, late charges, reasonable costs and attorney's fees incurred by the association incident to the collection process.

Lienor claims a lien on the following described real property situated in Palm Beach County, Florida:

LOT A BLOCK 14 OF CYPRESS ESTATES OF PALM SPRINGS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 81, PAGE 122, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

A/K/A 1401 WEST CYPRESS WAY, PALM SPRINGS, FL 334060000



**EXHIBIT A**

OWNED BY:  
CHASE HOME FINANCE, LLC

CYPRESS ESTATES OF PALM SPRINGS  
HOMEOWNERS ASSOCIATION, INC.

BY: _____  
V. Claire Wyant-Cortez, Authorized Agent

STATE OF FLORIDA )  
COUNTY OF PALM BEACH ) ss:

I HEREBY CERTIFY that on this day before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared, V. Claire Wyant-Cortez, authorized agent for the Association in this matter, who is <u>personally known to me</u> and who executed the foregoing instrument, after being duly sworn, acknowledged before me that they executed this document freely and voluntarily for the purposes herein stated.

WITNESS my hand and official seal in the County and State last aforesaid this __16th__ day of November, 2010.

_____  
Notary Printed Name: Melina Leite  
NOTARY PUBLIC, State of FLORIDA at Large        SEAL:



## NOTICE REQUIRED BY THE
## FAIR DEBT COLLECTION PRACTICES ACT, (THE ACT)
## 15 U.S.C. SECTION 1601 AS AMENDED

1. This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act. Any and all information obtained during the prosecution of this lawsuit may be used for the purposes of collecting a debt.

2. The amount of the debt is stated in Paragraph 10 of the Complaint attached hereto.

3. The plaintiff as named in the attached complaint is the creditor to whom the debt is owed, or is the authorized agent of the creditor to whom the debt is owed. The undersigned attorney represents the interests of the plaintiff.

4. The debt described in the complaint and evidenced by the document(s) attached to the complaint will be assumed to be valid by the creditor's law firm unless the debtor, within thirty days after the receipt of this notice, disputes in writing the validity of the debt or some portion thereof.

5. If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

6. If the creditor named as the plaintiff in the attached complaint is not the original creditor and if the debtor makes a written request to the creditor's law firm within the thirty days from the receipt of this notice, the address of the original creditor will be mailed to the debtor by the creditor's law firm.

7. Written requests should be addressed to HILLEY & WYANT-CORTEZ, P.A., Larry T. Cortez, Esquire, 860 US Highway One, Suite 108, North Palm Beach, Florida 33408.

**EXHIBIT B**